IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Fred Bailes,<br>   Petitioner,<br>vs.<br>Dora Schriro, et al.,<br>   Respondents. | CV-05-1805-PHX-DGC (JCG)<br>**REPORT & RECOMMENDATION** |

  Petitioner, Keith Fred Bailes, who is presently confined in the Arizona State Prison Complex in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 12). The Magistrate Judge recommends that the District Court deny the petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

  On, July 15, 2003, Petitioner was convicted by a jury in Maricopa County Superior Court in the State of Arizona on one count of forgery with two prior felony convictions, a class 4 felony. (Answer, Exs. A & K.) According to the Arizona Court of Appeals,[1] on December 18, 2002, Dr. Harshad Patel noted that approximately twenty-five checks were

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."

1  missing from his Bank of America business account. (Answer, Ex. D.)  Petitioner appeared
2  at a Bank of America branch on December 23, 2002, and tendered a check payable to
3  himself.  Because he was not an account holder, Petitioner was asked to provide two forms
4  of identification and a right index fingerprint.  Petitioner presented an Arizona State
5  photographic identification card and a health insurance card.  The teller compared the
6  signature on file with that on the check and determined that they did not match.  Dr. Patel
7  was called and asked if he had written the check to Petitioner, and informed the bank that he
8  had not. Bank staff contacted the police. During this time, Petitioner paced back and forth,
9  eventually leaving the bank purportedly to check on his family.

10      Petitioner was arrested at the scene and interviewed after being read his Miranda
11  rights.  Petitioner stated that he had received the check in the mail two days before as
12  payment for work done at Dr. Patel's office.  Dr. Patel denied that Petitioner had done any
13  work at his office.  Petitioner did not testify at trial, but his girlfriend, Mary Annala, testified
14  that Petitioner received the check from a man named Robert Haubois, who owed him money.

15      The jury found Petitioner guilty of forgery.  At a subsequent hearing, the trial court
16  found that Petitioner had two prior felony convictions and that he committed the present
17  offense while on felony probation.  At the sentencing hearing, Petitioner was sentenced to
18  ten years imprisonment, the minimum term for his offense.  Petitioner moved to vacate the
19  judgment on the basis of newly acquired evidence pursuant to Arizona Rule of Criminal
20  Procedure 24.2(a)(2), stating that he had located Haubois.  The trial court denied the motion,
21  determining that Haubois' testimony was cumulative and would not impact the verdict.

22      Petitioner's court-appointed appellate counsel filed an Anders brief on appeal, stating
23  that she had found no arguable question of law that was not frivolous and requesting that the
24  Court of Appeals review the record for fundamental error.  (Answer, Ex. B.)  Petitioner's
25  appellate counsel also moved for leave to allow Petitioner to file a supplemental brief *in*
26  *propria persona*.  (Id.)  The Court of Appeals granted the motion and ordered Petitioner to
27  file his supplemental brief by April 12, 2004.  (Answer, Ex. C.)  Petitioner did not file a
28  supplemental brief, and on May 11, 2004, the Court of Appeals affirmed his conviction.

1 (Answer, Ex. D.)

3 Petitioner did not timely seek review by the Arizona Supreme Court. (Answer, Ex. E.) Petitioner filed a "delayed Petition for Review" after the court's mandate had issued but the Court of Appeals declined to accept it. (Id.)

6 On November 1, 2004, Petitioner filed a pro se petition for post-conviction relief under Rule 32, Ariz. R. Crim. P ("Rule 32 petition"). (Answer, Ex. F.) Petitioner's Rule 32 petition alleged only ineffective assistance of counsel claims. Petitioner claimed that he received ineffective assistance of counsel in violation of the 14th Amendment, because his trial counsel (a) failed to secure Haubois as a witness, (b) failed to pursue evidence that other checks were cashed from the victim's account, (c) failed to object to the prejudiced jury selected, (d) elected to call a witness whose testimony was in conflict with the statement made by the Petitioner to police following his arrest, (e) failed to file a motion to suppress Petitioner's statements to police, and (f) failed to file a motion to continue the trial in order to gain additional time to locate Haubois. (Answer, Ex. F.) On February 8, 2005, the trial court denied the Rule 32 petition. (Answer, Ex. H.)

17 On February 28, 2005, Petitioner filed a motion for a 30-day extension of time to file a petition for review from the trial court's denial of his Rule 32 petition. (Ex. J.) The trial court did not rule on the motion, and Petitioner never requested a ruling nor did he file a petition for review. (Ex. K; see also http://www.superiorcourt.maricopa.gov/ docket/criminal/caseInfo.asp.)

22 On June 15, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in federal court. In his Petition, Petitioner presents three claims for relief:

24 1. **Ground 1:** Petitioner's due process rights were violated when he was convicted of forgery despite the State's failure to prove the intent element of the crime charged;

26 2. **Ground 2:** Petitioner's due process rights were violated when the trial court erroneously denied his motion to vacate the judgment on the basis of newly acquired evidence (the discovery of Haubois);

3

3.     **Ground 3:** Petitioner received ineffective assistance of counsel in violation of Strickland when (a) defense counsel failed to move for his acquittal, (b) defense counsel failed to file a special action following the trial court's denial of Petitioner's motion to vacate, (c) defense counsel failed to locate Haubois, a key witness, prior to trial, (d) appellate counsel failed to raise the issue of whether the state had met its burden of proof in Petitioner's appeal and instead filed an Anders brief.

## DISCUSSION

The Magistrate recommends that the petition be denied because Petitioner has failed to exhaust his state court remedies.

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). First enunciated in Ex parte Royall, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. Castille v. Peoples, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. Rose v. Lundy, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. See Rose v. Lundy, 455 U.S. 509, 519 (1982). A petitioner must have also presented his claim in a procedural context in which its merits will be considered. See Castille v. Peoples, 489 U.S. 346, 351 (1989). A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in

1  federal court if it was actually raised in state court but found by that court to be defaulted on
2  state procedural grounds. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). Second,
3  the claim may be procedurally defaulted in federal court if the petitioner failed to present the
4  claim in a necessary state court and "the court to which the petitioner would be required to
5  present his claims in order to meet the exhaustion requirement would now find the claims
6  procedurally barred." Id. at 735 n.1. If a petitioner has procedurally defaulted a claim in
7  state court, a federal court will not review the claim unless the petitioner shows "cause and
8  prejudice" for the failure to present the constitutional issue to the state court, or makes a
9  colorable showing of actual innocence. See Gray v. Netherland, 518 U.S. 152, 162 (1996);
10 Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

11     Respondents contend in their Answer that this Court is precluded from considering
12 the Petition on the merits because Petitioner failed to exhaust those claims within the state
13 system and now those claims are procedurally defaulted. The Court agrees.

14 **A.     Grounds 1 and 2**

15     Petitioner did not present Ground 1 or 2 to the state court. Petitioner did not file a *pro*
16 *per* supplemental brief on appeal, and Petitioner raised only ineffective assistance of counsel
17 claims in his state court petition for post-conviction relief. Because Ground 1 and 2 were
18 never presented to the state courts they cannot be raised for the first time in federal court.
19 See Lundy, 455 U.S. at 519. Petitioner is now precluded by Arizona Rules of Criminal
20 Procedure 32.2(a)(3) and 32.4 from obtaining relief on Grounds 1 and 2 in state court absent
21 an applicable exception, which he does not assert. See Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h);
22 Beaty v. Stewart, 303 F.3d at 997, 987 & n.5 (2002) (finding no state court remedies and
23 noting that petitioner did not raise any exceptions to Rule 32.2(a)). Thus, Grounds 1 and 2
24 are technically exhausted but procedurally defaulted, absent a showing of cause and
25 prejudice or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722,
26 749-50 (1991) (citations omitted; internal quotation marks omitted); Thomas v. Goldsmith,
27 979 F.2d 746, 749 (9th Cir. 1992).

28     Petitioner attributes his failure to raise Ground 1 to his appellate counsel's ineffective

5

1  assistance of counsel. (Petition, Ground 3.)  According to Petitioner, his appellate counsel
2  was ineffective when she filed an Anders brief instead of arguing on appeal that the state had
3  failed to meet its burden of proof.

4  Appellate counsel's decision to file an Anders brief on appeal does not constitute
5  cause excusing the procedural default unless it rose to the level of ineffective assistance of
6  counsel.  See Edwards v. Carpenter, 529 U.S. 446 (2000) (citing Murray v. Carrier, 477 U.S.
7  478, 490-492 (1986)).  The burden of proof to show ineffective assistance is two-pronged.
8  First, Petitioner must show that counsel's performance was deficient, in that counsel made
9  errors so serious that counsel was not functioning as "counsel."  Strickland v. Washington,
10  466 U.S. 558, 687 (1984).  In demonstrating a deficient performance, Petitioner must show
11  that the representation fell below an objective standard of reasonableness.  Id. at 688.
12  Judicial scrutiny of counsel's performance must be highly deferential, since there is a "strong
13  presumption that counsel's performance falls within the 'wide range of professional
14  assistance.'"  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466
15  U.S. 689).

16  Second, in proving ineffectiveness, Petitioner must show that counsel's deficient
17  performance prejudiced the defense.  Strickland, 466 U.S. at 692.  To prove prejudice,
18  Petitioner must show that there is a reasonable probability that, but for counsel's errors and
19  omissions, the result of the proceeding would have been different.  Id. at 694.  A reasonable
20  probability is a "probability sufficient to undermine confidence in the outcome."  Id.

21  Mere conclusory allegations are insufficient to prove that counsel was ineffective.
22  Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).  A habeas petitioner is entitled
23  to an evidentiary hearing or habeas relief when "he has alleged facts [in his petition] which,
24  if proven, would entitle him to relief. . . . Notice pleading is not sufficient, for the petition is
25  expected to state facts that point to a real possibility of constitutional error."  O'Bremski v.
26  Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quotations omitted).

27  A person is guilty of forgery if he, with intent to defraud, (1) falsely makes, completes
28  or alters a written instrument; (2) knowingly possesses a forged instrument; or (3) offers or

6

presents, whether accepted or not, a forged instrument or one that contains false information. See A.R.S. § 13-2002. Petitioner claims that the state failed to prove that he acted with intent to defraud because Petitioner did not alter the forged check that he presented to the bank. (Petition, pg. 5.) Petitioner claims that all he did was endorse the check with his own signature and attempt to cash it. Petitioner claims that he did not know that the check was stolen, because it was given to him by Haubois. Accordingly, Petitioner argues, his appellate counsel should have argued on appeal that the intent element of the forgery charge was never proved.

Such an argument would have been without merit. There was sufficient circumstantial evidence before the jury from which it could conclude that Petitioner acted with intent to defraud. See State v. Sullivan, 205 Ariz. 285, 287, 69 P.3d 1006, 1008 (App. 2003) ("An intent to defraud may be, and often is, deduced from circumstantial evidence"). Petitioner claims in his petition, (Petition, pg. 5), and his girlfriend testified at trial, that he had received the check from Haubois, who owed him money. A jury could reasonably conclude that Petitioner knew the check was stolen, because it was given to him by Haubois, not Dr. Patel. The fact that Petitioner attempted to cash a check written from Dr. Patel's account that he had not actually received from Dr. Patel is evidence that Petitioner intended to defraud Dr. Patel. See id. (finding circumstantial evidence of intent to defraud where appellant "allow[ed] himself to be designated as payee, [thereby representing] to the bank that the victims, as owners of the account on which the check was drawn, intended that funds from their account be transferred to appellant. Appellant knew that this was not the case."). Furthermore, following his arrest, Petitioner told police that he had received the check in the mail two days before as payment for work done at Dr. Patel's office, which suggests that Petitioner knew that it was illegal to cash the check without Dr. Patel's knowledge. In addition, the jury was confronted with conflicting accounts regarding how Petitioner acquired the check. See id. (stating that inconsistent reports to police may be regarded as circumstantial evidence of intent to defraud). Accordingly, Petitioner's appellate counsel was not unreasonable in failing to raise this claim, because it is without merit. Nor was Petitioner prejudiced by

1 appellate counsel's failure to raise the claim, because there is no reasonable probability that, had it been raised, the result of Petitioner's proceeding would have been different.

**B.     Ground 3**

Of the four ineffective assistance of counsel claims presented by Petitioner in Ground 3, only one was presented to the state court – Petitioner's claim that his trial counsel was ineffective for failing to locate Haubois prior to trial. However, Petitioner did not exhaust this claim in the state court. He presented the argument in his Rule 32 petition, but did not file a petition for review by the Arizona Court of Appeals of the trial court's denial of his Rule 32 petition. See Swoopes v. Baldwin, 196 F.3d 1008, 1010 (9th Cir. 1999) (stating that a claim is exhausted for purposes of federal habeas analysis once the Arizona Court of Appeals has ruled on it). Instead, Petitioner filed a motion for a thirty-day extension of time in which to file his petition for post-conviction relief. Although that motion was never ruled on, it was Petitioner's responsibility to either request a ruling or file an untimely petition for review within the thirty-day extension requested. Petitioner did neither. Instead, Petitioner instituted federal court proceedings. Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on Ground 3 in state court absent an applicable exception, which he does not assert. See Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h); Beaty v. Stewart, 303 F.3d at 997, 987 & n.5 (2002) (finding no state court remedies and noting that petitioner did not raise any exceptions to Rule 32.2(a)). Furthermore, Petitioner has not made a showing of cause and prejudice or a fundamental miscarriage of justice. Thus, Ground 3 is technically exhausted but procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991) (citations omitted; internal quotation marks omitted); Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992).

**RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are

1  not timely filed, they may be deemed waived.  The parties are advised that any objections
2  filed are to be identified with the following case number: **CV-05-1805-PHX-DGC**.
3       The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner
4  and counsel for Respondents.
5       DATED this 22nd day of June, 2006.

*Jennifer C. Guerin*
United States Magistrate Judge